### UNITED STATES v. POPPER et al.

(Circuit Court of Appeals, Second Circuit. January 9, 1895.)

#### No. 51.

CUSTOMS DUTIES — GLASS DISKS COLORED AND CUT IN IMITATION OF PRECIOUS STONES.

Merchandise, consisting of glass disks of various colors and sizes, colored and cut in imitation of precious stones, is dutiable under the provision of the tariff act of March 3, 1883, imposing a duty of 10 per cent. ad valorem upon "compositions of glass or paste, when not set," and is not to be classified under the provision of the same act imposing a duty of 45 per cent. ad valorem upon "articles of glass, cut, engraved, painted, colored," etc.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was an application by Leo Popper, Edwin S. Popper, and Caleb F. Popper, copartners, trading as Leo Popper & Son, for a review of the decision of the board of general appraisers concerning certain goods imported by them. The circuit court reversed the decision of the board of general appraisers, and the United States thereupon appealed.

Wallace Macfarlane, U. S. Atty., and James T. Van Rensselaer, Asst. U. S. Atty.

Comstock & Brown (Albert Comstock, of counsel), for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. The question in this case is whether merchandise, imported while the tariff act of March 3, 1883, was

in force, and consisting of glass disks of various colors and sizes, colored and cut in imitation of precious stones, and unset, should have been classified under the provision of that act imposing a duty of 45 per cent. ad valorem upon "articles of glass, cut, engraved, painted, colored," etc., or under the provision imposing a duty of 10 per cent. ad valorem upon "compositions of glass or paste, when not set." The testimony shows that such articles are sold as imitation jewelry, and are used as ornaments in the place of real gems. We think the term "compositions of glass or paste" is reasonably intelligible, without resorting to extraneous sources to ascertain its meaning. The association naturally suggests kindred compositions, such as may be either of glass in the nature of paste, or paste in the nature of glass; and the only articles which, according to the testimony, seem to fit that description, are the imitation gems of glass, commonly known as "paste." Some additional light, however, is found upon the meaning of congress in the next succeeding tariff act (October 1, 1890), in which, in lieu of the provision for a duty of 10 per centum ad valorem upon "compositions of glass or paste, when not set," a like duty is imposed upon "imitations of precious stones composed of paste or glass, not exceeding one inch in dimensions, not set." As the importations are more specifically described by the provision imposing the 10 per centum duty than by the other, it is the one under which they should have been classified. The decision of the circuit court, reversing that of the board of general appraisers, is affirmed.